IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JUDY FORTNER-HANSON | § | |
| | § | Civil Action No. **1:20-cv-904-RAH-SRW** |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| DOOR & BUILDING COMPONENTS, | § | |
| INCORPORATED d/b/a DBCI; | § | |
| M1 SUPPORT SERVICES, L.P., AND | § | |
| FICTITIOUS PARTIES 1-45 | § | |
| | § | |
| Defendants | § | |

*RECEIVED 2020 NOV -6 P 1:59 DEBRA P. HACKETT, CLK U.S. DISTRICT COURT MIDDLE DISTRICT ALA*

## **DEFENDANT NCI'S NOTICE OF REMOVAL**

NCI Group, Inc. d/b/a Door & Building Components, Inc. improperly named as Defendant Door & Building Components, Inc. d/b/a DBCI (hereinafter "NCI") hereby removes Case No. 71-CV-2020-900132.00 from the Circuit Court of Coffee County, Alabama, Enterprise Division pursuant to 28 U.S.C. §1446(a), and as grounds for its removal states as follows:

### **INTRODUCTION**

1.  Plaintiff is Judy Fortner-Hanson. Defendant is NCI Group, Inc. d/b/a Door & Building Components, Inc. ("NCI" and/or "Defendant") Co-Defendants are M1 Support Services, L.P. and Fictitious Parties 1-45. Plaintiff dismissed Army Sustainment, LLC as a party Defendant in this case on October 29, 2020. *See* **Exhibit "C"**. Further, the Plaintiff's First Amended Complaint does not assert any claims against Army Sustainment, LLC and states Plaintiff's intent to dismiss Army Sustainment, LLC. *See* **Exhibit "B"**. Plaintiff does not name Army Sustainment, LLC as a party in the "PARTIES" section of its First Amended Complaint.

*Id.* "Under both Alabama and federal law, an amended complaint supersedes the initial complaint and becomes the operative pleading in the case." *Lowery v. Ala. Power Co.*, 483 F.3d 1184 (11th Cir. 2007). Based on Plaintiff's Motion to Dismiss and Plaintiff's First Amended Complaint, Army Sustainment, LLC is not a party to this case. *See* **Exhibit "B"**; *see* **Exhibit "C"**. Army Sustainment, L.L.C. was dismissed as a Defendant in the state court action on November 5, 2020 (**Exhibit "C-1"**)

2. On October 2, 2020, Plaintiff sued Defendant in the Circuit Court of Coffee County, Alabama, Enterprise Division, Case No. Case No. 71-CV-2020-900132.00. A copy of the Complaint is attached as **Exhibit "A"** hereto. On October 27, 2020 Plaintiff filed its First Amended Complaint against Defendant. A copy of the First Amended Complaint is attached as **Exhibit "B"** hereto.

3. The First Amended Complaint purports to assert several causes of action including: (a) negligence; (b) wantonness, (c) negligent failure to warn and instruct, (d) wanton failure to warn, (e) breach of express warranty, and (f) breach of implied warranty.

4. The relief Plaintiff seeks includes compensatory damages in an unspecified amount plus interest and costs, and exemplary damages.

5. Defendant was served with the suit on October 8, 2020. Defendant files this Notice of Removal within thirty (30) days after receiving the Complaint.

## BASIS FOR REMOVAL – FEDERAL QUESTION

6. Removal is proper because there is federal question jurisdiction pursuant to federal enclave jurisdiction. 28 U.S.C. §1331; *Amtec Corp. v. US Centrifuge Sys. LLC*, No. 5:12-cv-1874-RRA, 2013 U.S. Dist. LEXIS 198100 (N.D. Ala. 2013); *Corley v. Long-Lewis*, 688 F.

Supp. 2d 1315 (N.D. Ala. 2010) *Hall v. Coca-Cola Co.*, No. 2:18cv244, 2018 U.S. Dist. LEXIS 175384 (E.D. Va. 2018).

7. Federal enclave jurisdiction arises from Article I, Section 8 of the United States Constitution, which provides that "Congress shall have Power . . . to exercise exclusive Legislation . . . over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, Dock-Yards, and other needful Buildings." *See Corley v. Long-Lewis,* 688 F. Supp. 2d 1315 (N.D. Ala. 2010); U.S. Const, art. I, § 8, cl. 17. Lands obtained by the United States for federal use under this clause are known as federal enclaves, and the federal government may exercise exclusive legislative jurisdiction within the lands' boundaries. See *Surplus Trading Co. v. Cook*, 281 U.S. 647, 652, 50 S. Ct. 455 (1930).

8. Plaintiff's Original Complaint and First Amended Complaint allege that the Plaintiff's injury and all events relevant to the claims occurred at Fort Rucker in Dale County, Alabama. *See* **Exhibit "A"** and **Exhibit "B"**. Fort Rucker, Alabama "is a federal military enclave subject to the exclusive jurisdiction of the United States." *Parker v. Main*, 804 F. Supp. 284, 286 (M.D. Ala. 1992). Federal enclaves are governed by federal law. *See id* at 286. Therefore, Plaintiff's claims, originating from an incident at Fort Rucker, are governed by federal law. *See id.*

### BASIS FOR REMOVAL – DIVERSITY

9. Removal is also proper because there is complete diversity between the parties. 28 U.S.C. §1332(a); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899-900 (9th Cir. 2006). Plaintiff is an individual who resides in Enterprise, Coffee County, Alabama.

Defendant NCI is a Nevada corporation with its principal place of business in Texas. Defendant M1 Support Services, LP is a Texas limited partnership consisting of 1 general partner and 2 individual limited partners, none of whom are citizens or entities of the State of Alabama. According to 28 U.S.C. §1441(b)(1), the citizenship of Fictitious Parties 1-45 shall be disregarded. *See* 28 U.S.C. §1441(b)(1). Army Sustainment, LLC is a Nevada corporation with its principal place of business in Mississippi. However, Army Sustainment, LLC's citizenship is irrelevant because it was dismissed and is not a party to this case. *See* Exhibit "B"; *see* **Exhibit "C"**. Further, Army Sustainment LLC's citizenship is irrelevant under the fraudulent-joinder doctrine because there is no possibility that a state court would find that the complaint states a cause of action against Army Sustainment, LLC. *See Restivo v. Bank of Am. Corp.*, 618 F. App'x 537 (11th Cir. 2015); *See* **Exhibit "B"**.

## AMOUNT IN CONTROVERSY

10. Defendant asserts the amount in controversy exceeds $75,000, excluding interest and costs, as Plaintiff seeks recovery for significant personal injuries requiring surgical repair.[1] *See* **Exhibit "B"**. Plaintiff has not specified an amount in controversy, but this dispute centers around a claim for an alleged negligent or wonton bodily injury, breach of warranty, and damages to the Plaintiff. Thus, at a minimum, the amount in controversy exceeds $75,000.

11. Plaintiff claims that as a result of Defendants' actions, Plaintiff was caused to suffer the following injuries and damages:

   a. Right shoulder marked impingement syndrome;

---

[1] Defendant, without conceding that Plaintiff is entitled any damages in this action, bases this amount on the actual and punitive damages and causes of action pled by Plaintiff in the First Amended Complaint.

  b. AC degeneration with large osteophytes leading to impingement syndrome;

  c. Right shoulder AC sprain;

  d. Right shoulder large 2.5 to 3 cm full-thickness supraspinatus tendon cuff tear with associated near complete tear of the biceps tendon at the level of the bicipital hiatus;

  e. Permanent injuries;

  f. Injuries for which she was caused, and, will be caused in the future, to expend sums of money in the nature of hospital, doctor, drug, and other expenses in an effort to heal and cure her injuries;

  g. Injuries for which she was caused, and, will be caused in the future, physical pain and mental anguish;

  h. Lost wages and earning capacity; and

  i. Exemplary (punitive) damages

  *See* **Exhibit "B"**.

12. Combining the claims for physical injury, medical treatment and medical costs, physical pain and suffering, permanent physical injuries, mental anguish, lost wages and earning capacity, and punitive damages, Plaintiff's claim clearly exceeds the jurisdictional minimum.

13. In order to meet the $75,000 jurisdictional threshold when a Plaintiff makes an unspecified demand for damages in the state court, the removing party need only show "by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir.

1996); *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058 at 1061 (11th Cir. 2010); *see Alexander v. Captain D's,* LLC, 437 F. Supp. 2d 1320 (M.D. Ala. 2006); *see Toole v. Chupp*, 456 F. Supp. 2d 1218 (M.D. Ala. 2006). The Eleventh Circuit permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine the jurisdictional amount. *See Roe* at 1061-1062. Courts may use "judicial experience and common sense" in determining whether the case stated in a complaint meets federal jurisdictional requirements. *Id* at 1062.

14. Prospective punitive damages must also be considered in any calculation of the amount in controversy. *See Holley Equipment Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir.1987) ("When determining the jurisdictional amount in diversity cases, punitive damages must be considered, unless it is apparent to a legal certainty that such cannot be recovered.") (citations omitted); *Bell v. Preferred Life Assurance Soc'y,* 320 U.S. 238, 240 (1943) (claims for compensatory and punitive damages should be aggregated to determine jurisdictional amount in controversy); *Wakeland v. Brown & Williamson Tobacco Corp.*, 996 F. Supp.1213,1222 (S.D. Ala. 1999) (applying "preponderance of the evidence standard" and finding that amount in controversy requirement was satisfied even though complaint did not specify amount of damages).

15. In the instant case, making reasonable inferences and using common sense regarding the Plaintiff's alleged damages, the amount claimed by the Plaintiff in the suit clearly exceeds the Court's jurisdictional threshold. *See* **Exhibit "B"**.

16. For the forgoing reasons, it is more likely than not that the jurisdictional amount for diversity jurisdiction is met in this case.[2]

17. Copies of all pleadings, process, orders and other filings in the state-court suit are attached to this notice as required by 28 U.S.C. §1446(a).

18. Venue is proper in this district court under 28 U.S.C. §1441(a) because the state court where suit has been pending is located in this district.

19. Defendant will promptly file a copy of this notice of removal with the clerk of the state court where the suit has been pending.

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

20. Pursuant to 28 U.S.C. §1446(a) a true and correct copy of all of the process, pleadings, orders and documents from the State Court Action which have been served upon Defendant are being filed with this Notice of Removal.

21. This Notice of Removal has been filed within (30) days of the date that Defendant was served with the Complaint in this matter. Removal is therefore timely in accordance with 28 U.S.C. §1446(b).

---

[2] If any question arises as to the existence of the requisite amount in controversy, then Defendants request the opportunity to submit post-removal evidence in accordance with the procedure adopted by the Eleventh Circuit in *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. June 26, 2000). In affirming the denial of plaintiff's motion to remand, the Eleventh Circuit held that the district court properly considered defendant's post-removal evidence including defendant's requests for admission directed to the amount in controversy. The Eleventh Circuit explained that, "[w]e align ourselves with our sister circuits in adopting a more flexible approach, allowing the district court when necessary to consider post-removal evidence in assessing removal jurisdiction." Id.

22. Venue is proper in this Court pursuant to 28 U.S.C. §§1441(a) and 1446(a) because the U.S. District Court for the Middle District of Alabama, Southern Division is the federal judicial district embracing the Circuit Court of Coffee County, Alabama, Enterprise Division where the State Court Action was originally filed.

23. Co-Defendant M1 Support Services, L.P. was served on October 30, 2020. Co-Defendant M1 Support Services, L.P. consents to removal of this case as required by 28 U.S.C. §1446(b)(2)(A). **Exhibit "D."** NCI certifies by its counsel's signature below that M1 Support Services, L.P. consents to the removal of this case to United States District Court for the Middle District of Alabama, Southern Division as required by 28 U.S.C. §1446(b)(2)(A).

24. On information and belief, Fictitious Parties 1-45 have not been properly joined and served and therefore are not required to join in or consent to the removal of this action. 28 U.S.C. §1446(b)(2)(A). Further, consent of a defendant is not necessary if that defendant is unknown. *See United Comput. Sys. v. At&T Info. Sys.*, 298 F.3d 756, 762 (9th Cir. 2002).

25. Army Sustainment, LLC has been dismissed as a Defendant and therefore is no longer a party to the case. *See* **Exhibit "C"**. Consent of Army Sustainment, LLC cannot be required as it is not a Defendant in this case. *See* **Exhibit "C"**; *See* 28 U.S.C. §1446(b)(2)(A). Further, Plaintiff's First Amended Complaint does not assert any claims against Army Sustainment, LLC and states Plaintiff's intent to dismiss Defendant Army Sustainment, LLC. *See* **Exhibit "B"**.

## JURY DEMAND

26. Plaintiff did demand a jury in the state-court case. Defendant asserts its right under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## CONCLUSION

27. Defendant asserts (1) federal question jurisdiction based on federal enclave jurisdiction and (2) complete diversity between the parties. For these reasons, Defendant asks the Court to remove the suit to the United States District Court for the Middle District of Alabama, Southern Division.

28. By this Notice of Removal, Defendant does not waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections it may have to this action. Defendant intends no admission of facts, law or liability by this Notice, and expressly reserves all defenses, motions and/or pleas.

Respectfully submitted,

_M D Marsh_
M. Dale Marsh
Alabama State Bar No. ASB-1307-A44M
Marsh & Cotter, LLP
203 E. Lee Street
P.O. Box 310910
Enterprise, Alabama 36330
Phone: 334.347.2626
Email: mdm@enterpriselawyers.com

Kevin A. Koudelka
Texas State Bar No. 24025971

*Pro Hac Vice Pending*
Michael D. Richardson
Texas State Bar No. 16868220
*Pro Hac Vice Pending*
Clinton A. Quisenberry
Texas State Bar No. 24079168
*Pro Hac Vice Pending*
James P. Brien
Texas State Bar No. 24110815
*Pro Hac Vice Pending*
**RICHARDSON KOUDELKA, LLP**
3838 Oak Lawn Ave., Suite 450
Dallas, Texas 75219
Phone: 214.217.7575
Facsimile: 214.217.7576
koudelka@rklawtexas.com
mrichardson@rklawtexas.com
cquisenberry@rklawtexas.com
jbrien@rklawtexas.com

**ATTORNEYS FOR DEFENDANT NCI GROUP, INC. D/B/A DOOR & BUILDING COMPONENTS, INC.**

CERTIFICATE OF SERVICE

This is to certify that the foregoing NOTICE OF REMOVAL, with exhibits, was served on opposing counsel, on this **5** day of **NOV**, 2020 as follows:

Jeffrey C. Kirby (KIR002)
jkirby@kirbyjohnsonlaw.com
Chandler O. Kirby (KIR045)
ckirby@kirbyjohnsonlaw.com
KIRBY JOHNSON, P.C.
One Independence Plaza Drive, Suite 520
Birmingham, AL 35209
(205) 458-3553

Rufus R. Smith, Jr. (SMI060)
info@rufussmith.com
Post Office Drawer 6629
Dothan, Alabama
(334) 671-7959

NOTICE OF REMOVAL                                                                                      10

**ATTORNEYS FOR PLAINTIFF
JUDY FORTNER-HANSON**

Rachel M. Lary (ASB-8003-C641)
*rlary@lightfootlaw.com*
Clinton T. Speegle (ASB-8006-U88N)
*cspeegle@lightfootlaw.com*
LIGHTFOOT, FRANKLIN & WHITE, LLC
The Clark Building
400 20th Street North
Birmingham, Alabama 35203-3200
(205) 581-0700

**ATTORNEYS FOR DEFENDANT
M1 SUPPORT SERVICES, L.P.**

_____
M. Dale Marsh