ELECTRONICALLY FILED
10/2/2020 3:09 PM
71-CV-2020-900132.00
CIRCUIT COURT OF
COFFEE COUNTY, ALABAMA
AMY L. REEVES, CLERK

## IN THE CIRCUIT COURT OF COFFEE COUNTY ALABAMA
## ENTERPRISE DIVISION

| | |
|---|---|
| **JUDY FORTNER-HANSON,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| **v.** | )    **Case No.:**_____ |
| | ) |
| **DOOR & BUILDING COMPONENTS,** | )    **Jury Trial Demanded** |
| **INCORPORATED, d/b/a DBCI;** | ) |
| **ARMY SUSTAINMENT, LLC and,** | ) |

**No. 1**, whether singular or plural, that legal entity or those entities who or which designed the door involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith;

**No. 2**, whether singular or plural, that legal entity or those entities who or which manufactured or assembled the door involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith;

**No. 3**, whether singular or plural, that legal entity or those entities who or which had any role in the distributive chain regarding the door involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith, from the date of manufacture of each said product through the date of its acquisition by the plaintiff or other entity;

**No. 4**, whether singular or plural, that legal entity or those entities who or which, prior to the occurrence made the basis of this lawsuit, altered or repaired the door involved in said occurrence, any component part thereof, or any attendant equipment used or available for use therewith;

**No. 5**, whether singular or plural, that legal entity or those entities who or which suggested or specified that the door involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment, be used as it was being used at the time of the occurrence made the basis of this lawsuit;

**No. 6**, whether singular or plural, that legal entity or those entities who or which failed to warn or issued inadequate warnings or instructions regarding the use or operation of the door involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith;

**No. 7**, whether singular or plural, that entity or those entities who was responsible for providing instructions for use or issuing adequate warnings to persons of the dangers associated with defects in the door involved in the occurrence made the basis of this lawsuit;

**"EXHIBIT A"**

**No. 8**, whether singular or plural, that entity or those entities who or which were merchants and/or sellers with respect to the door involved in the occurrence made the basis of this lawsuit, and which impliedly warranted that said door was merchantable;

**No. 9**, whether singular or plural, that entity or those entities who or which issued any warranty, express or implied, with respect to the door involved in the occurrence made the basis of this lawsuit;

**No. 10**, whether singular or plural, that entity or those entities who or which provided information referable to the quality, worthiness or fitness of the door involved in the occurrence made the basis of this lawsuit;

**No. 11**, whether singular or plural, that entity or those entities who or which issued, or had a duty to issue, warnings, or instructions regarding the use or operation of the door involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith;

**No. 12**, whether singular or plural, that legal entity or those entities which provided product liability and/or general liability insurance coverage for the manufacturer and/or distributor of the door involved in the occurrence made the basis of this lawsuit at the time of said occurrence or at any time prior thereto;

**No. 13**, whether singular or plural, that person or those persons, that legal entity or those entities, whose duty it was to maintain the door involved in the occurrence made the basis of this lawsuit from the time it was manufactured, assembled or installed in, at or near Storage Building 3011, Room 10, until the time of plaintiffs injury made the basis of this lawsuit;

**No. 14**, whether singular or plural, that legal entity or those entities who or which was responsible for advertising the door involved in the occurrence made the basis of this lawsuit, any component part thereof or any attendant equipment used or available for use therewith;

**No. 15**, whether singular or plural, that legal entity or those entities who or which did any consulting work, i.e., advertising, marketing, engineering, etc., referable to the design, manufacture and/or assembly of the door involved in the occurrence made the basis of this lawsuit;

**No. 16**, whether singular or plural, that legal entity or those entities who or which tested, inspected, approved or issued any approval of the door involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith;

**No. 17**, whether singular or plural, that legal entity or those entities who or which conducted safety inspections or analyses of or with reference to the door involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith and/or the design or manufacturing process of each said product

**"EXHIBIT A"**

including, but not limited to, the products liability insurance carrier for the manufacturer and/or distributor of any of the aforesaid products;

**No. 18**, whether singular or plural, that legal entity or those entities who or which was responsible for adequately testing for the condition and safety of the door involved in the occurrence made the basis of this lawsuit, and any component parts thereof, or any attendant equipment used or available for use therewith, from the date of manufacture through the date of its acquisition;

**No. 19**, whether singular or plural, that legal entity or those entities who or which was responsible for the design, manufacture, distribution, marketing, sale, assembly and/or repair of the door made the basis of this lawsuit, the negligence, breach of contract, or other actionable conduct of whom contributed to cause injury to the plaintiff;

**No. 20**, whether singular or plural, those entities, firms, or corporations whose responsibility or duty it was to instruct the agents/employees of DenMar Services, Inc. regarding proper supervision of employees on or before the date of the occasion complained of;

**No. 21**, whether singular or plural, those entities, firms, or corporations who succeeded, bought, or controlled any defendant herein, or who has assumed the liabilities of same;

**No. 22**, whether singular or plural, those persons, firms, corporations, or entities, who had the duty to provide and maintain a reasonably safe area for workers, which included Judy Fortner-Hanson;

**No. 23**, whether singular or plural, those persons, firms, corporations, or entities, who had the duty to warn workers about dangers or unsafe conditions associated with the manufacture, installation or maintenance of the door at issue;

**No. 24**, whether singular or plural, those persons, firms, corporations, or entities, who failed to maintain the area where Judy Fortner-Hanson worked associated with the manufacture, installation or maintenance of the door at issue;

**No. 25**, whether singular or plural, those persons, firms, corporations, or entities, who failed to reasonably manage the area where Judy Fortner-Hanson worked including the installation or maintenance of the door at issue;

**No. 26**, whether singular or plural, those persons, firms, corporations, or entities, who failed to reasonably inspect the area where Judy Fortner-Hanson worked including the door at issue;

**No. 27**, whether singular or plural, those persons, firms, corporations, or entities, who unreasonably failed to warn of the unsafe condition of the subject door;

**No. 28**, whether singular or plural, those persons, firms, corporations, or entities, who created an unsafe and hazardous condition;

**"EXHIBIT A"**

**No. 29**, whether singular or plural, those persons, firms, corporations, or entities, who at all times material to Judy Fortner-Hanson's injury, owed Judy Fortner-Hanson a duty of reasonable care to provide a safe place to work or a reasonably safe work environment;

**No. 30**, whether singular or plural, those persons, firms, corporations, or entities, who negligently, wantonly, willfully, recklessly and/or intentionally breached the duties to provide Judy Fortner-Hanson a reasonably safe work environment;

**No. 31**, whether singular or plural, hose persons, firms, corporations, or entities, who negligently and/or wantonly allowed Judy Fortner-Hanson to be subjected to unreasonable hazards and/or risks;

**No. 32**, whether singular or plural, those persons, firms, corporations, or entities, who negligently and/or wantonly failed to perform a reasonable job safety analysis;

**No. 33**, whether singular or plural, those persons, firms, corporations, or entities, who negligently and/or wantonly failed to monitor safety practices;

**No. 34**, whether singular or plural, those persons, firms, corporations, or entities, who negligently and/or wantonly failed to oversee, plan, supervise and/or to carry out the work to be done in a reasonably safe manner;

**No. 35**, whether singular or plural, that legal entity or those entities which insured or provided insurance coverage with relation to any self-insurance program provided by or for the named or fictitious parties named herein;

**No. 36**, whether singular or plural, that legal entity or those entities, other than those entities described above, whose breach of contract or warranties contributed to cause the occurrence made the basis of this lawsuit;

**No. 37**, whether singular or plural, that legal entity or those entities, that individual or those individuals, other than those individuals and entities described above, whose negligence, wantonness or other wrongful conduct contributed to cause the occurrence made the basis of this lawsuit;

**No. 38**, whether singular or plural, that legal entity or those entities who or which provided any insurance coverage, of whatever kind or nature, to any of the named or fictitious defendants herein;

**No. 39**, whether singular or plural, that legal entity, other than those entities described above, which is the predecessor of any of those entities described above; and

**No. 40**, whether singular or plural, that legal entity, other than those entities described above, which is the successor in interest of any of those entities described above.

**"EXHIBIT A"**

Plaintiff avers that the identities of the fictitious party defendants herein are otherwise unknown to the plaintiff at this time or, if their names are known to plaintiff, their identities as proper party defendants are not known to plaintiff at this time, and their true names will be substituted by amendment when ascertained,                                                    )

                                              )

          **Defendants.**               )

## COMPLAINT

COMES NOW the Plaintiff, JUDY FORTNER-HANSON, by an through her undersigned counsel, and files this Complaint against Defendants, DOOR & BUILDING COMPONENTS, INCORPORATED, ARMY SUSTAINMENT, LLC and the fictitious party defendants described above in paragraphs 1-40.

## PARTIES

1.      Plaintiff, JUDY FORTNER-HANSON, resides in Enterprise, Coffee County, Alabama.

2.      Defendant, DOOR & BUILDING COMPONENTS, INCORPORATED d/b/a DBCI, (hereinafter referred to as "DBCI") on information and belief, is a foreign corporation with its principal place of business located at 4310 Industrial Access Road, Douglasville, Georgia, 30135 and is or was doing business in Coffee County, Alabama, at all times relevant to the allegations in this Complaint.

3.      Defendant, ARMY SUSTAINMENT, LLC f/k/a L-3 Army Sustainment, LLC f/k/a Army Fleet Support, LLC is upon information and belief, a foreign corporation with its principal place of business located at 555 Industrial Drive S, Madison, Mississippi, 39110 and is or was doing business in Coffee County, Alabama at all times material to this Complaint.

**"EXHIBIT A"**

## FACTS

4.     On or about October 29, 2018, Plaintiff, JUDY FORTNER-HANSON, was employed by DenMar Services, Incorporated and in the line and scope of her employment was entering Storage Building 3011 Room 10 located at Fort Rucker in Coffee County, Alabama.

5.     On the date of her injury, Plaintiff, JUDY FORTNER-HANSON lifted the roll-up garage style door to enter the storage unit, which rolls up inside the building when raised.  Upon entering the room, the roll-up door unrolled from the inside allowing the door to close.  The door came off the track which guides it to roll up and hit the plaintiff in her right arm and shoulder. The door was, upon information and belief, manufactured and installed by Defendant, DBCI.

6.     Upon information and belief, the roll-up garage style door at the entrance of Storage Building 30161 Room 10 was maintained by Defendant ARMY SUSTAINMENT, LLC.

7.     Upon entering the storage unit, Plaintiff, JUDY FORTNER-HANSON, lifted the roll-up door, which came off of its guide track and landed on the Plaintiff's right shoulder resulting in significant injuries requiring surgical repair.

## COUNT I
## ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE

8.     Plaintiff adopts and re-alleges each and every allegation previously set out in this complaint as if fully set out here.

9.     At the time and place of the accident at issue, roll-up garage door, which was in substantially the same condition as when designed, manufactured, sold, assembled, and/or distributed, was being used in a manner that was foreseeable. Said roll-up garage door was not reasonably safe when being used in a foreseeable manner, but, to the contrary, was defective and unreasonably dangerous to the human body when being so used. DBCI and various fictitious

**"EXHIBIT A"**

party defendants (1-40) knew, or, in the exercise of reasonable care, should have known, that said roll-up garage door was unreasonably dangerous to the human body when being so used in a foreseeable manner.

10.    The defective conditions of the roll-up garage door were the proximate cause of Fortner-Hanson's injuries and damages and render DBCI and fictitious party defendants (1-40) liable to Fortner-Hanson, pursuant to the Alabama Extended Manufacturer's Liability Doctrine.

11.    Plaintiff alleges the injuries she sustained were caused as a proximate consequence of the violation of the Alabama Extended Manufacturers Liability Doctrine and other wrongful conduct of the defendants as hereinafter described.

12.    The aforesaid wrongful conduct of the defendants DBCI and the fictitious party defendants (1-40) combined, concurred, and proximately caused Plaintiff to suffer the following injuries:

- right shoulder marked impingement syndrome;

- AC degeneration with large osteophytes leading to impingement syndrome

- right shoulder AC sprain;

- right shoulder large 2.5 to 3 cm full-thickness suprasinatus tendon cuff tear with associated near complete tear of the biceps tendon at the level of the bicipital hiatus;

- permanent injuries;

- injuries for which she was caused, and, will be caused in the future, to expend sums of money in the nature of hospital, doctor, drug, and other expenses in an effort to heal and cure her injuries;

- injuries for which she was caused, and, will be caused in the future, physical pain and mental anguish;

- lost wages and loss in earning capacity.

WHEREFORE, on the basis of the foregoing, plaintiff requests that the jury selected to hear this case render a verdict for the plaintiff, and against the defendants, for compensatory damages in an amount which will adequately compensate plaintiff for the injuries and damages sustained by her due to the defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of defendants' conduct. Further, plaintiff requests that the Court enter judgment consistent with the jury's verdict, and that it also award plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

## COUNT II
## NEGLIGENCE

13.     Plaintiff adopts and re-alleges each and every allegation previously set out in this complaint as if fully set out here.

14.     Defendants DBCI and/or one or more of the fictitious party defendants (1-40) previously described negligently designed, manufactured, assembled, furnished, marketed, sold, maintained and/or distributed the roll-up garage door involved in the incident made the basis of plaintiff's complaint, and said negligent conduct was a proximate cause of the injuries to plaintiff.

15.     Plaintiff alleges that her injuries were caused as a proximate consequence of the negligent conduct and other wrongful conduct of the defendants.

16.     The aforesaid wrongful conduct of the defendants DBCI and the fictitious party defendants (1-40) combined, concurred, and proximately caused Plaintiff to suffer the following injuries:

- right shoulder marked impingement syndrome;

- AC degeneration with large osteophytes leading to impingement syndrome

- right shoulder AC sprain;

**"EXHIBIT A"**

- right shoulder large 2.5 to 3 cm full-thickness suprasinatus tendon cuff tear with associated near complete tear of the biceps tendon at the level of the bicipital hiatus;

- permanent injuries;

- injuries for which she was caused, and, will be caused in the future, to expend sums of money in the nature of hospital, doctor, drug, and other expenses in an effort to heal and cure her injuries;

- injuries for which she was caused, and, will be caused in the future, physical pain and mental anguish;

- lost wages and loss in earning capacity.

WHEREFORE, on the basis of the foregoing, plaintiff requests that the jury selected to hear this case render a verdict for the plaintiff, and against the defendants, for compensatory damages in an amount which will adequately compensate plaintiff for the injuries and damages sustained by her due to the defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of defendants' conduct. Further, plaintiff requests that the Court enter judgment consistent with the jury's verdict, and that it also award plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

### COUNT III
### WANTONNESS

17.     Plaintiff adopts and re-alleges each and every allegation previously set out in this complaint as if fully set out here.

18.     Defendants DBCI  and/or one or more of the fictitious party defendants  (1-40) previously described wantonly designed, manufactured, assembled, furnished, marketed, sold, and/or distributed the roll-up garage door involved in the incident made the basis of plaintiff's complaint, and said negligent conduct was a proximate cause of the injuries to plaintiff.

**"EXHIBIT A"**

19.    Plaintiff alleges that her injuries were caused as a proximate consequence of the wanton conduct and other wrongful conduct of the defendants, as hereinafter described.

20.    The aforesaid wanton and wrongful conduct of the defendant DBCI and the fictitious party defendants (1-40) combined, concurred, and proximately caused Plaintiff to suffer the following injuries:

- right shoulder marked impingement syndrome;

- AC degeneration with large osteophytes leading to impingement syndrome

- right shoulder AC sprain;

- right shoulder large 205 to 3 cm full-thickness suprasinatus tendon cuff tear with associated near complete tear of the biceps tendon at the level of the bicipital hiatus;

- permanent injuries;

- injuries for which she was caused, and, will be caused in the future, to expend sums of money in the nature of hospital, doctor, drug, and other expenses in an effort to heal and cure her injuries;

- injuries for which she was caused, and, will be caused in the future, physical pain and mental anguish;

- lost wages and loss in earning capacity.

WHEREFORE, on the basis of the foregoing, plaintiff requests that the jury selected to hear this case render a verdict for the plaintiff, and against the defendants, for compensatory damages in an amount which will adequately compensate plaintiff for the injuries and damages sustained by her due to the defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of defendants' conduct. Further, plaintiff requests that the Court enter judgment consistent with the jury's verdict, and that it also award plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

**"EXHIBIT A"**

## COUNT IV
## NEGLIGENT FAILURE TO WARN AND INSTRUCT

21.    Plaintiff adopts and re-alleges each and every allegation previously set out in this complaint as if fully set out here.

22.    Defendant DBCI and/or one or more of the fictitious party defendants (1-40) previously described negligently failed to warn the plaintiff of the dangers associated with the roll-up garage door, failed to warn and instruct that improper maintenance and upkeep can result in personal injury and said negligent conduct was a proximate cause of plaintiff's serious personal injuries.

23.    Plaintiff alleges that her injuries were caused as a proximate consequence of the negligent conduct and other wrongful conduct of the defendants, as hereinafter described.

24.    The aforesaid negligent and wrongful conduct of the defendant DBCI and the fictitious party defendants (1-45) combined, concurred, and proximately caused Plaintiff to suffer the following injuries:

- right shoulder marked impingement syndrome;

- AC degeneration with large osteophytes leading to impingement syndrome

- right shoulder AC sprain;

- right shoulder large 205 to 3 cm full-thickness suprasinatus tendon cuff tear with associated near complete tear of the biceps tendon at the level of the bicipital hiatus;

- permanent injuries;

- injuries for which she was caused, and, will be caused in the future, to expend sums of money in the nature of hospital, doctor, drug, and other expenses in an effort to heal and cure her injuries;

- injuries for which she was caused, and, will be caused in the future, physical pain and mental anguish;

**"EXHIBIT A"**

- lost wages and loss in earning capacity.

WHEREFORE, on the basis of the foregoing, plaintiff requests that the jury selected to hear this case render a verdict for the plaintiff, and against the defendants, for compensatory damages in an amount which will adequately compensate plaintiff for the injuries and damages sustained by her due to the defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of defendants' conduct. Further, plaintiff requests that the Court enter judgment consistent with the jury's verdict, and that it also award plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

## COUNT V
### WANTON FAILURE TO WARN

25.     Plaintiff adopts and re-alleges each and every allegation previously set out in this complaint as if fully set out here.

26.     Defendant DBCI and/or one or more of the fictitious party defendants (1-40) previously described wantonly failed to warn the plaintiff of the dangers associated with the roll-up garage door, wantonly failed to warn and instruct that improper maintenance and upkeep can result in personal injury and said negligent conduct was a proximate cause of plaintiff's serious personal injuries.

27.     Plaintiff alleges that her injuries were caused as a proximate consequence of the wanton conduct and other wrongful conduct of the defendants, as hereinafter described.

28.     The aforesaid wanton and wrongful conduct of the defendants DBCI and the fictitious party defendants (1-40) combined, concurred, and proximately caused Plaintiff to suffer the following injuries:

- right shoulder marked impingement syndrome;

- AC degeneration with large osteophytes leading to impingement syndrome

Page 12 of 21

**"EXHIBIT A"**

- right shoulder AC sprain;

- right shoulder large 205 to 3 cm full-thickness suprasinatus tendon cuff tear with associated near complete tear of the biceps tendon at the level of the bicipital hiatus;

- permanent injuries;

- injuries for which she was caused, and, will be caused in the future, to expend sums of money in the nature of hospital, doctor, drug, and other expenses in an effort to heal and cure her injuries;

- injuries for which she was caused, and, will be caused in the future, physical pain and mental anguish;

- lost wages and loss in earning capacity.

WHEREFORE, on the basis of the foregoing, plaintiff requests that the jury selected to hear this case render a verdict for the plaintiff, and against the defendants, for compensatory damages in an amount which will adequately compensate plaintiff for the injuries and damages sustained by her due to the defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of defendants' conduct. Further, plaintiff requests that the Court enter judgment consistent with the jury's verdict, and that it also award plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

## COUNT VI
## BREACH OF EXPRESS WARRANTY

29.     Plaintiff adopts and re-alleges each and every allegation previously set out in this complaint as if fully set out here.

30.     Defendants DBCI and fictitious party defendants (1-40) described herein expressly warranted that the roll-up garage door involved in the occurrence made the basis of this complaint was reasonably fit and suitable for the purposes for which it was intended to be used. Plaintiff

**"EXHIBIT A"**

avers that said defendants breached said express warranties in that said roll-up garage door was not reasonably fit and suitable for the purposes for which it was intended to be used, but, to the contrary, said roll-up garage door was in a dangerously defective and unsafe condition.

31.     Plaintiff further avers that as a proximate result of the aforesaid breach of warranties by said defendants, she suffered severe and permanent personal injuries.

32.     The aforesaid wanton and wrongful conduct of the defendants DBCI and the fictitious party defendants (1-40) combined, concurred, and proximately caused Plaintiff to suffer the following injuries:

- right shoulder marked impingement syndrome;

- AC degeneration with large osteophytes leading to impingement syndrome

- right shoulder AC sprain;

- right shoulder large 205 to 3 cm full-thickness suprasinatus tendon cuff tear with associated near complete tear of the biceps tendon at the level of the bicipital hiatus;

- permanent injuries;

- injuries for which she was caused, and, will be caused in the future, to expend sums of money in the nature of hospital, doctor, drug, and other expenses in an effort to heal and cure her injuries;

- injuries for which she was caused, and, will be caused in the future, physical pain and mental anguish;

- lost wages and loss in earning capacity.

WHEREFORE, on the basis of the foregoing, plaintiff requests that the jury selected to hear this case render a verdict for the plaintiff, and against the defendants, for compensatory damages in an amount which will adequately compensate plaintiff for the injuries and damages sustained by him due to the defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of defendants' conduct. Further, plaintiff requests

**"EXHIBIT A"**

that the Court enter judgment consistent with the jury's verdict, and that it also award plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

## COUNT VII
### BREACH OF IMPLIED WARRANTY

33.     Plaintiff adopts and re-alleges each and every allegation previously set out in this complaint as if fully set out here.

34.     Defendants DBCI and fictitious party defendants (1-45) described herein impliedly warranted that the roll-up garage door involved in the occurrence made the basis of this complaint was reasonably fit and suitable for the purposes for which it was intended to be used. Plaintiff avers that said defendants breached said express warranties in that said roll-up door was not reasonably fit and suitable for the purposes for which it was intended to be used, but, to the contrary, said roll-up door was in a dangerously defective and unsafe condition.

35.     Plaintiff further avers that as a proximate result of the aforesaid breach of warranties by said defendants, she suffered severe and permanent personal injuries.

36.     The aforesaid wanton and wrongful conduct of the defendants DBCI and the fictitious party defendants (1-45) combined, concurred, and proximately caused Judy Fortner-Hanson to suffer the following injuries:

- right shoulder marked impingement syndrome;

- AC degeneration with large osteophytes leading to impingement syndrome

- right shoulder AC sprain;

- right shoulder large 205 to 3 cm full-thickness suprasinatus tendon cuff tear with associated near complete tear of the biceps tendon at the level of the bicipital hiatus;

- permanent injuries;

**"EXHIBIT A"**

- injuries for which she was caused, and, will be caused in the future, to expend sums of money in the nature of hospital, doctor, drug, and other expenses in an effort to heal and cure her injuries;

- injuries for which she was caused, and, will be caused in the future, physical pain and mental anguish;

- lost wages and loss in earning capacity.

WHEREFORE, on the basis of the foregoing, plaintiff requests that the jury selected to hear this case render a verdict for the plaintiff, and against the defendants, for compensatory damages in an amount which will adequately compensate plaintiff for the injuries and damages sustained by her due to the defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of defendants' conduct. Further, plaintiff requests that the Court enter judgment consistent with the jury's verdict, and that it also award plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

## COUNT VIII
### NEGLIGENCE

37.     Plaintiff adopts and re-alleges each and every allegation previously set out in this complaint as if fully set out here.

38.     Defendants Army Sustainment and/or one or more of the fictitious party defendants (1-40) previously described negligently designed, manufactured, assembled, furnished, marketed, sold, maintained, installed, serviced, inspected and/or distributed the roll-up garage door involved in the incident made the basis of plaintiff's complaint, and said negligent conduct was a proximate cause of the injuries to plaintiff.

39.     Plaintiff alleges that her injuries were caused as a proximate consequence of the negligent conduct and other wrongful conduct of the defendants.

**"EXHIBIT A"**

40.    The aforesaid wrongful conduct of the defendants Army Sustainment and the fictitious party defendants (1-40) combined, concurred, and proximately caused Plaintiff to suffer the following injuries:

- right shoulder marked impingement syndrome;

- AC degeneration with large osteophytes leading to impingement syndrome

- right shoulder AC sprain;

- right shoulder large 2.5 to 3 cm full-thickness suprasinatus tendon cuff tear with associated near complete tear of the biceps tendon at the level of the bicipital hiatus;

- permanent injuries;

- injuries for which she was caused, and, will be caused in the future, to expend sums of money in the nature of hospital, doctor, drug, and other expenses in an effort to heal and cure his injuries;

- injuries for which she was caused, and, will be caused in the future, physical pain and mental anguish;

- lost wages and loss in earning capacity.

WHEREFORE, on the basis of the foregoing, plaintiff requests that the jury selected to hear this case render a verdict for the plaintiff, and against the defendants, for compensatory damages in an amount which will adequately compensate plaintiff for the injuries and damages sustained by her due to the defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of defendants' conduct. Further, plaintiff requests that the Court enter judgment consistent with the jury's verdict, and that it also award plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

**"EXHIBIT A"**

## COUNT IX
### WANTONNESS

41. Plaintiff adopts and re-alleges each and every allegation previously set out in this complaint as if fully set out here.

42. Defendants Army Sustainment and/or one or more of the fictitious party defendants (1-40) previously described wantonly designed, manufactured, assembled, furnished, marketed, sold, maintained, serviced, inspected and/or distributed the roll-up garage door involved in the incident made the basis of plaintiff's complaint, and said negligent conduct was a proximate cause of the injuries to plaintiff.

43. Plaintiff alleges that her injuries were caused as a proximate consequence of the wanton conduct and other wrongful conduct of the defendants, as hereinafter described.

44. The aforesaid wanton and wrongful conduct of the defendant Army Sustainment and the fictitious party defendants (1-40) combined, concurred, and proximately caused Plaintiff to suffer the following injuries:

- right shoulder marked impingement syndrome;

- AC degeneration with large osteophytes leading to impingement syndrome

- right shoulder AC sprain;

- right shoulder large 205 to 3 cm full-thickness suprasinatus tendon cuff tear with associated near complete tear of the biceps tendon at the level of the bicipital hiatus;

- permanent injuries;

- injuries for which she was caused, and, will be caused in the future, to expend sums of money in the nature of hospital, doctor, drug, and other expenses in an effort to heal and cure her injuries;

- injuries for which she was caused, and, will be caused in the future, physical pain and mental anguish;

**"EXHIBIT A"**

- lost wages and loss in earning capacity.

WHEREFORE, on the basis of the foregoing, plaintiff requests that the jury selected to hear this case render a verdict for the plaintiff, and against the defendants, for compensatory damages in an amount which will adequately compensate plaintiff for the injuries and damages sustained by her due to the defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of defendants' conduct. Further, plaintiff requests that the Court enter judgment consistent with the jury's verdict, and that it also award plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

## COUNT X
## FICTITIOUS PARTY DEFENDANTS

45.     Plaintiff adopts and re-alleges each and every allegation previously set out in this complaint as if fully set out here.

46.     Plaintiff alleges that her injuries were the proximate consequence of the wrongful conduct, breaches of warranty, violations of the Alabama Extended Manufacturers' Liability Doctrine, negligent and/or wanton design, manufacture, sale, maintenance or distribution, failure to warn of the defendants DBCI, Army Sustainment and/or one or more of the fictitious party defendants (1-19) as herein described.

47.     Fictitious party defendants 1 through 40, whose correct names and identities are unknown to the plaintiff, but who will be correctly named and identified when ascertained, are the respective entities who or which fit the descriptions above.

48.     The aforesaid negligent or wanton conduct, breaches of warranty, violation of the Alabama Extended Manufacturers' Liability Doctrine, negligent and/or wanton design, manufacture, sale, distribution, maintenance, installation failure to warn of the above described defendants combined, concurred, and proximately caused Plaintiff's injuries.

**"EXHIBIT A"**

WHEREFORE, on the basis of the foregoing, plaintiff requests that the jury selected to hear this case render a verdict for the plaintiff, and against the defendants, for compensatory damages in an amount which will adequately compensate plaintiff for the injuries and damages sustained by her due to the defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of defendants' conduct. Further, plaintiff requests that the Court enter judgment consistent with the jury's verdict, and that it also award plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

Respectfully submitted,

/s/ Jeffrey C. Kirby
Jeffrey C. Kirby (KIR002)
Chandler O. Kirby (KIR045)
**KIRBY JOHNSON, P.C.**
One Independence Plaza Drive
Suite 520
Birmingham, AL 35209
Phone: 205.458.3553
Facsimile: 205.458.3589
jkirby@kirbyjohnsonlaw.com
bjohnson@kirbyjohnsonlaw.com
ckirby@kirbyjohnsonlaw.com

**OF COUNSEL:**
Rufus R. Smith, Jr. (SMI060)
Post Office Drawer 6629
Dothan, Alabama 36302
Phone: 334.671.7959
Facsimile: 334.671.7957
Jeffrey C. Kirby (KIR002)
Chandler O. Kirby (KIR045)

**"EXHIBIT A"**

## Jury Demand

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY PURSUANT TO ARCP 38**

/s/ *Rufus R. Smith, Jr.*
Rufus R. Smith, Jr.
Of Counsel for Plaintiff

## REQUEST FOR CERTIFIED MAIL SERVICE BY CLERK

The Plaintiff hereby requests that the clerk serve the Defendants by Certified Mail, return receipt requested pursuant to Rule 4.1(c) of the Alabama Rules of Civil Procedure.

**DOORS & BUILDING COMPONENTS, INC.**
7301 Fairview St.
Houston, TX 77041

**ARMY SUSTAINMENT, LLC**
555 Industrial Dr. S
Madison, MS 39110

**"EXHIBIT A"**